## Brody Children

*Michael J. Hudacek,* for petitioners.

*Joseph F. Musto* and *S. Keene Mitchell, Jr.,* for respondent.

BROMINSKI, P. J., February 18, 1972.—This matter comes before the court upon petition for writ of habeas

corpus of Elizabeth Brody, Reba Brody and Amelia Brody for custody of the following minor children: Reba Lynn Brody, George Brody, Jr., Barbara Jean Brody, Robert Brody and Daniel Brody.

Respondent in this matter is George Brody, the natural father of the above children.

After hearing, the court makes the following:

## FINDINGS OF FACT

1. Petitioners are adults residing at R. D. No. 3, Demunds Road, Dallas, Pa.

2. Amelia Brody and Elizabeth Brody are aunts of the children and Reba Brody is their grandmother.

3. George Brody is presently a widower and is the natural father of the children. He resides at P.O. Box 3072, Charleston, W. Va.

4. The above-named children were born on the following dates:

Reba Lynn, May 15, 1953
George, Jr., December 23, 1954
Barbara Jean, December 14, 1961
Robert, June 18, 1956
Daniel, January 15, 1959

5. The above-named children have been in the custody of petitioners for about 10 years due to the unfortunate circumstances that their mother suffered and died from cancer on August 12, 1962.

6. All the children testified that their father is a stranger to them; that while he visited with them from time to time, he did not exhibit any continued genuine interest in them.

7. For the most part, petitioners provided for the bulk of the support of the minor children herein.

8. Although the home in which petitioners are living is not luxurious, it is indeed adequate for the needs of petitioners and the children.

9. Petitioners are in a financial position to adequately provide for the material needs of the children.

10. That during their stay with petitioners, the said petitioners have provided for the children's scholastic, social and religious needs.

11. Respondent, the natural father of the children, never adequately provided financial support for the children.

12. While Respondent indicates that his income is between $15,000 and $18,000 per year, he indicates that he is $30,000 in debt.

13. The court decided that defendant is not currently in a financial posture to adequately provide for the children.

14. All the children testified and indicated their preference to remain with petitioners.

## DISCUSSION

The circumstances of this case are unique. It is quite clear that the natural parent ordinarily has the right to custody of children but here you have a situation with five children, the eldest, Reba age 18, and the youngest, Barbara Jean age 10. They have lived under the same roof as a family for most of their young lives. Reba is presently a student at College Misericordia and George, Jr., age 17, is a senior at Dallas High School and has been accepted at Wilkes College, Wilkes-Barre, Pa., for the coming year.

The most impressive fact in the mind of the court is the desire of the children to remain together as a family unit. It would seem tragic indeed to divide this family at this time. While the court might give serious consideration to having the three youngest children, Robert, Daniel and Barbara Jean, returned to their father, it is reluctant to do so because these five children have been getting along so well in their

present situation. They all appeared in court, testified and were happy, content and knowledgeable; had complete devotion to petitioners and at this moment it causes the court to conclude that they should remain together.

Respondent indicated that he is now about to remarry and the court questions the advisability of having these five children attempt now to establish a new rapport with a stepmother. Although we have no reason to believe that she would be anything but kind and understanding, should she not be so, it could cause unnecessary disruption in the lives of these young people whose lives were once disrupted but have been steadily mended because of the excellent efforts of petitioners.

In child custody cases, the paramount consideration is at all times the welfare of the children, which includes their physical, intellectual, moral and spiritual wellbeing, and all other considerations are subordinate.

A parent is ordinarily entitled to the custody of his minor child, and this right will not be interfered with except for the most substantial reasons affecting the child's welfare: Commonwealth ex rel. Lees v. Lees, 196 Pa. Superior Ct. 32.

There are substantial reasons here to conclude that the best interests of the children will be served if they remain with petitioners. There is also the consideration, although subordinate to the former, that the court will only under unusual circumstances place jurisdiction of the children beyond the jurisdiction of this court: Commonwealth ex rel. McLeod v. Seiple, 193 Pa. Superior Ct. 131.

## CONCLUSION OF LAW

The needs of the minor children involved herein will

be best served if they remain in the custody of petitioners.

For the foregoing reason we enter the following:

## ORDER

The prayer of petitioners, Elizabeth Brody, Reba Brody and Amelia Brody, is hereby granted and the custody of Reba Lynn Brody, George Brody, Jr., Barbara Jean Brody, Robert Brody and Daniel Brody is hereby awarded to them. The parties hereto, along with their counsel, are directed to arrange reasonable visitation rights for respondent. If agreement cannot be reached, this court will reconvene to determine them.